**Gurjinder SINGH, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 11–71048.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 15, 2013.*

Filed Oct. 22, 2013.

Pardeep S. Grewal, Esquire, Law Offices of Pardeep S. Grewal, Castro Valley, CA, for Petitioner.

Juria L. Jones, Trial, Oil, U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, San Francisco, CA, for Respondent.

Before: FISHER, GOULD, and BYBEE, Circuit Judges.

MEMORANDUM **

Gurjinder Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir.2010), and we deny the petition for review.

The record does not compel the conclusion that Singh's untimely asylum application is excused by changed circumstances. *See* 8 C.F.R. § 1208.4(a)(4); *Ramadan v. Gonzales*, 479 F.3d 646, 657–58 (9th Cir. 2007) (per curiam); *cf. Vahora v. Holder*, 641 F.3d 1038, 1047 (9th Cir.2011). Accordingly, Singh's asylum claim fails.

Substantial evidence supports the agency's finding that, even if Singh established past persecution, the government has rebutted the presumption of a clear probability of future persecution with evidence that he can reasonably relocate. *See Melkonian v. Ashcroft*, 320 F.3d 1061, 1070 (9th Cir.2003) (presumption is overcome where a preponderance of the evidence shows "that the applicant can reasonably relocate internally to an area of safety."). Accordingly, Singh's withholding of removal claim fails.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

